UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ANDREW ROBERTS,

    Plaintiff,

v.                                            Case No. 25-cv-1121-bhl

OFFICER WIEDERHOLD et al.,

    Defendants.

## DECISION AND ORDER

    Plaintiff Andrew Roberts, who is incarcerated at the Redgranite Correctional Institution, is representing himself in this 42 U.S.C. §1983 action. On July 31, 2025, the clerk's office informed Roberts that, if he wants to proceed with this case, he must either pay the $405 civil case filing fee or move to proceed without prepaying the filing fee by August 21, 2025. Roberts did not pay the fee or move to proceed without paying the fee; instead, on August 14, 2025, he filed a motion asking the Court to enter an order allowing him to pay the $405 filing fee with funds in his release account. For the reasons explained below, the Court will deny the motion.

    The Prison Litigation Reform Act (PLRA) applies to this case because Roberts was incarcerated when he filed his complaint. That law requires the Court to collect filing fees from a "prisoner's account." 28 U.S.C. §1915(b). Wisconsin prisoners have two types of accounts, a regular account and a release account. *Spence v. McCaughtry*, 46 F. Supp. 2d 861, 862 (E.D. Wis. 1999). "A release account is a restricted account maintained by the Wisconsin Department of Corrections to be used upon the prisoner's release from custody upon completion of his sentence." *Wilson v. Anderson*, Case No. 14-C-798, 2014 WL 3671878, at *3 (E.D. Wis. July 23, 2014) (citing Wis. Admin. Code § DOC 309.466). Given the purpose of the release account, federal courts do

not focus on that account as the source of funds to satisfy the filing fee payment requirements. *See Smith v. Huibregtse*, 151 F. Supp. 2d 1040, 1042 (E.D. Wis. 2001).

Although federal courts will sometimes allow a plaintiff to pay the initial partial filing fee with funds in his release account, federal courts are less willing to allow a plaintiff to pay the full filing fee from that account. Allowing this practice would significantly deplete the value of the prisoner's release account, thereby undermining the very purpose of the account. Accordingly, the Court will not allow Roberts to use funds in his release account to pay the $405 filing fee. If Roberts does not want to pay the full filing fee (upfront or over time), he may move to voluntarily dismiss this action. Because he has not moved to proceed without prepaying the filing fee, he has not incurred the filing fee. *See* 28 U.S.C. §1915(b)(1). If, however, Roberts wants to proceed with this action, he must file a motion for leave to proceed without prepaying the filing fee along with a certified copy of his trust account statement for the period of January 31, 2025 through July 31, 2025. The Court must receive the motion and his trust account statement by **September 8, 2025**, or the Court will dismiss this action based on Roberts' failure to pay the filing fee. If Roberts needs more time to arrange the submission of these documents, he must file a motion for an extension of time before the September 8, 2025 deadline.

**IT IS THEREFORE ORDERED** that Roberts' motion to pay the full filing fee with funds in his release account (Dkt. No. 4) is **DENIED**. Roberts must either pay the $405 filing fee or move to proceed without prepaying the filing fee by **September 8, 2025**, or the Court will dismiss this action based on his failure to pay the filing fee.

Dated at Milwaukee, Wisconsin on August 20, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge